**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOY ALBERT,<br>                    Plaintiff,<br>     v.<br><br>TRANS UNION LLC;<br><br>EQUIFAX CREDIT INFORMATION SERVICES, INC.;<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>FREEDOM MORTGAGE CORP.,<br>                    Defendants. | CIVIL ACTION<br><br>No. |

## COMPLAINT

## INTRODUCTION

This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"). Defendant FREEDOM MORTGAGE wrongfully reported on his credit report the payment balance, history, and status of plaintiff's mortgage loan after plaintiff disputed it.  After notice from plaintiff of a dispute, the defendant Credit Reporting Agencies conducted unreasonable investigations of the credit dispute resulting in continued wrongful reporting.

## JURISDICTION

1.      Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, 28 U.S.C. §1332, and 28 U.S.C. §1337. Supplemental jurisdiction over the state law claims arises under 28 U.S.C. §1367. Venue is proper in this district as all defendants do business here and the debt which is the subject of this lawsuit arose here.

**PARTIES**

2.      Plaintiff is JOY ALBERT, an adult individual and a consumer who resides at 9835 Cowden Street, Newtown, PA 18940.

3.      Defendant Equifax Credit Information Services, Inc., is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Georgia, with a principal place of business in the State of Georgia, who can be served through its agent for service of process, CT Corp. System, 906 Olive Street, St. Louis, Missouri 63101.

4.      Defendant Trans Union Corporation is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Delaware, and having offices at 2 Baldwin Place, Chester, PA 19022.

5.      Defendant Experian Information Solutions, Inc. is a foreign corporation, authorized to do and doing business in the Commonwealth of Pennsylvania, incorporated in the State of Ohio, who can be served at its Registered Agent, CT Corporation System, LLC, Harrisburg PA.

6.      The Defendants, Experian, Equifax and Transunion are consumer reporting agencies (hereinafter collectively referred to as "the Agencies") as defined in 15 U.S.C. §1681(f) of the Act, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b) of the Act, to third parties for monetary compensation.

7.      Defendant FREEDOM MORTGAGE CORP. ("FREEDOM") is a corporation engaged in the business of consumer lending and servicing of student loans. Defendant has an address care of its registered corporate agent, CT Corporation System,

116 Pine St., Ste. 320, Harrisburg, PA 17101. FREEDOM is also a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

8.      Prior to the events hereinafter described, plaintiff took out an FHA mortgage loan from FREEDOM to purchase her residential property in _____ ("the debt").

9.      On or about January 2017, Defendant FREEDOM sued plaintiff in foreclosure in the Philadelphia Court of Common Pleas.

10.     Thereafter, Plaintiff filed an answer with counterclaim arising from FREEDOM's alleged failure to provide FHA loss mitigation prior to accelerating the mortgage loan for purposes of foreclosure.

11.     On or about October 2018, plaintiff granted to Freedom a deed-in-lieu to the mortgaged property.

12.     On or about January 2019, plaintiff docketed a praecipe to mark the aforesaid counterclaims in foreclosure settled.

13.     As of the aforesaid date, the debt was no longer owed to FREEDOM by Plaintiff and all claims raised in the foreclosure were resolved.

14.     Beginning in or around July 2019, despite resolution of the debt and foreclosure, FREEDOM's collection department placed collection calls to plaintiff's cell phone.

15.     On or about August 2019, plaintiff's foreclosure defense counsel, acting as

her agent, advised FREEDOM directly and advised FREEDOM indirectly via contacts with FREEDOM's foreclosure counsel of FREEDOM's aforesaid improper collection calls to plaintiff's cell phone. The aforesaid actions of her agent revoked any consent Plaintiff had given to FREEDOM to contact her cell phone.

16.     Despite the aforesaid contacts with FREEDOM, FREEDOM continued to place improper collection calls to plaintiff's cell phone.

17.     All telephone contact by Convergent described herein to plaintiff's cellular telephone occurred via an "automatic telephone dialing system" (ATDS) and/or system with ATD capacity, as defined by 47 U.S.C.§227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

18.     On or about September 24, 2019, plaintiff sent FREEDOM a letter revoking any authority of Freedom to contact her regarding the debt which was no longer owed.

19.     On or about October 9, 2019, plaintiff sent to all defendant a letter with attachments disputing reporting of a balance owed for the debt of $213,947 rather than the $0.00 owed and also disputing 120 late reporting of the in 2019 after the debt had been resolved.

20.     The Credit Reporting Agencies' reinvestigation verified with FREEDOM the inaccurate reporting of the debt in all respects that were disputed above.

21.     The aforesaid credit reporting by the furnisher, FREEDOM, was inaccurate and incomplete.

22.     The Agencies did not conduct a proper or adequate reinvestigation, but rather simply parroted inaccurate information furnished by FREEDOM contradicted by FREEDOM's own creditor client.

23.     FREEDOM failed to conduct a proper reinvestigation, and instead verified as accurate that the alleged debts were owed by plaintiff.

24.     As a result of the debt's continued derogatory reporting of the debt by Defendants, Plaintiff has suffered credit losses including but not limited to having been denied credit by Police and Fire Credit Union on or about August 5, 2021.

**Causes of Action**

**COUNT I - <u>FAIR CREDIT REPORTING ACT</u>**
**(Plaintiff v. FREEDOM)**

25.     All paragraphs above are re-alleged as though fully set forth herein.

26.     At all times material herein, Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

27.     FREEDOM reported negative, misleading, and derogatory information to the credit bureaus by reporting the debt with a current balance owed and late payment towards the debt after it was no longer owed.

28.     Plaintiff has repeatedly contacted FREEDOM, both directly and through disputes to the Agencies, to dispute the information furnished to the credit bureaus, requesting that the false, negative and derogatory credit reporting be removed.

29.     FREEDOM, instead of correcting the inaccurate reporting, re-verified it.

30.     FREEDOM is still reporting false and inaccurate information as of the date of this complaint.

31.     At all times relevant hereto, FREEDOM knew or should have known that it was reporting false, inaccurate, and derogatory information about plaintiff

32.     Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct a proper investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

33.     FREEDOM failed to conduct a reasonable and adequate investigation or reinvestigation.

34.     FREEDOM has willfully and/or negligently failed and refused to remove the inaccurate credit information, but instead is misusing the credit reporting system as a club to coerce payment of a debt not lawfully due or owing.

35.     FREEDOM has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report to each of the credit bureaus.

36.     As a result of FREEDOM's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

37.     Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

38.     Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to correct his credit report.

### COUNT II - <u>FAIR CREDIT REPORTING ACT</u>
**(Plaintiff v. the Agencies)**

30.     All paragraphs above are re-alleged as though fully set forth herein.

31.     Under the FCRA, Defendants are required to report accurate information

and to conduct a proper investigation of disputed information. 15 U.S.C. §1681i(a):

"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information … If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information."

32.    §1681e(b) of the Act provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

33.    Defendants failed to conduct a reasonable and adequate investigation into plaintiff's dispute of the credit reporting of the debt and continued to report false and inaccurate information on plaintiff's credit reports.

34.    Defendants simply parroted the information provided by the furnisher FREEDOM through their respective credit reporting databases.

35.    As a result of Defendants' willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

36.    Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as well as suffering credit damages and expended significant time and effort trying to address his credit report.

37.    Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

a)  By willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports.

b) By willfully and/or negligently failing to reinvestigate pursuant to 15 U.S.C.

§1681i.

## COUNT III
### (Plaintiff v. FREEDOM)
### STRICT LIABILITY VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT

38.     The allegations above are re-alleged and incorporated herein by reference.

39.     Plaintiff is a "called party" under the TCPA.

40.     The foregoing acts and omissions of defendant constitute numerous and multiple strict liability violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii), by each and every call made in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

41.     The TCPA provides Plaintiff with a private right of action against Defendant Convergent for its strict liability violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff is entitled to both injunctive relief and statutory damages of $500 per call made by Convergent in violation of the TCPA.

## COUNT IV
### (Plaintiff v. FREEDOM)
### WILLFUL OR KNOWING VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT

42.     The allegations above are re-alleged and incorporated herein by reference.

43.     Plaintiff is a "called party" under the TCPA.

44.     The foregoing acts and omissions of Defendant constitutes numerous and multiple willful or knowing violations of the TCPA, including but not limited to 47 U.S.C.§227(b)(1)(iii) by each and every call in violation of the statute, pursuant to 47 U.S.C.§227(b)(1)(B).

45.     "Willful" is defined as "the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any . . . rule or regulation of the Commission . . . ." 47 U.S.C. § 312 (f)(1).

46.     Defendant intentionally and voluntarily made at least two (2) calls to plaintiff's cell phone

47.     Defendant willfully or knowingly violated the TCPA with respect to Plaintiff by voluntarily placing non-emergency calls to the cellular telephone number of the Plaintiff using an automated telephone dialing system with knowledge that it did not have the prior express consent of the Plaintiff due to the above described revocation of consent to call, made by and through her agent, after the debt was no longer owed, and after being instructed to stop calling.

48.     The TCPA provides Plaintiff with a private right of action against Defendant Convergent for its willful and/or knowing violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3). Plaintiff is entitled to both injunctive relief and statutory damages of up to $1,500 per call made by Convergent that willfully or knowingly violated of the TCPA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award actual damages, or not less than $100 and not more than $1,000 for the impermissible access of his credit report, whichever is greater;

B.  Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

C.  Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

D.  For defendant FREEDOM's negligent violations of 47 U.S.C.§227(b)(1), $500.00 in statutory damages for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

E.  For defendant FREEDOM's willful and/or knowing violations of 47 U.S.C.§ 227(b)(1), up to $1,500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C.§227(b)(3)(B);

F.  Grant such other and further relief as the court deems just and proper.

## TRIAL BY JURY

49.    Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>Aug. 25, 2021</u>                                    /s/Robert P. Cocco
                                                               ROBERT P. COCCO, P.C.
                                                               Attorney for Plaintiff
                                                               By:  Robert P. Cocco, Esquire
                                                               Pa. Id. No. 61907
                                                               1500 Walnut Street, Suite 900
                                                               Philadelphia, PA 19102
                                                               (215) 351-0200